# EXHIBIT A

219638169

FILED: RICHMOND COUNTY CLERK 03/24/2026 01:41 PM
NYSCEF DOC. NO. 1

INDEX NO. 150730/2026
RECEIVED NYSCEF: 03/24/2026

SUPREME COURT OF THE STATE OF NEW YORK
RICHMOND COUNTY

LORINDA MEDINA,

    PLAINTIFF,

V.

EQUIFAX INFORMATION SERVICES, LLC,

    DEFENDANT.

INDEX NO.

SUMMONS

The basis of this venue is:
  Plaintiff's address

---

## SUMMONS AND COMPLAINT

---

**THE STEKETEE FIRM LLC**
Attorney for Plaintiffs
254 W. 31st Street
6th Floor
New York, NY 10001
(t) 917-819-2966
(f) 917-398-7070

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated: March 24, 2026*

*Signature* _____ */s/ Randall Stekettee* _____

*Print Signer's name:* Randall Steketee, Esq.

FILED: RICHMOND COUNTY CLERK 03/24/2026 01:41 PM

NYSCEF DOC. NO. 2

INDEX NO. 150730/2026

RECEIVED NYSCEF: 03/24/2026

SUPREME COURT OF THE STATE OF NEW YORK
RICHMOND COUNTY

LORINDA MEDINA,

    PLAINTIFF,

V.

EQUIFAX INFORMATION SERVICES, LLC,

    DEFENDANT.

INDEX NO.

COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Lorinda Medina, an individual consumer, against Defendant Equifax Information Services, LLC (hereinafter "Equifax" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION

2. This Court has jurisdiction over this matter because the events giving rise to this Complaint occurred in the State of New York, and Defendant regularly conducts business in this State. Venue is proper because Plaintiff resides in this County and/or a substantial part of the acts or omissions giving rise to this action occurred here.

## PARTIES

3. Plaintiff Lorinda Medina (hereinafter "Plaintiff") is a natural person residing in New York.

4. Defendant is a foreign company, a "consumer reporting agency" under the FCRA.

1

FILED: RICHMOND COUNTY CLERK 03/24/2026 01:41 PM
NYSCEF DOC. NO. 2

INDEX NO. 150730/2026
RECEIVED NYSCEF: 03/24/2026

## FACTS

5. On or about September 11, 2025, Plaintiff mailed a written request to Defendant for a full file disclosure pursuant to 15 U.S.C. §1681g.

6. Plaintiff included with her request a clear copy of her driver's license, Social Security card, and a utility bill.

7. Defendant knew or should have known that Plaintiff provided all necessary information to verify Plaintiff's identity when Plaintiff requested full file disclosure from Defendant.

8. Defendant received Plaintiff's letter on September 20, 2025.

9. Instead of providing Plaintiff with her complete file disclosure as required by law, Equifax mailed Plaintiff a stall letter stating, in part: *"We received your request for a copy of your Equifax report ... The documents you provided were illegible. Because the information you provided as proof of your identity does not match the information we currently have on your credit file ..."*

10. Plaintiff submitted the same identification documents to Experian Information Solutions, Inc. in connection with a separate request for a file disclosure. Experian, using those same documents, was able to promptly locate Plaintiff's file and provide her with her disclosure.

11. Plaintiff confirms that the information she provided, including her full name, date of birth, Social Security number, and current address, was accurate and matches Equifax's records.

2

FILED: RICHMOND COUNTY CLERK 03/24/2026 01:41 PM    INDEX NO. 150730/2026

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/24/2026

12.    Without access to all the information in Plaintiff's file, Plaintiff is unable to determine whether inaccurate, incomplete, contradictory, or unverifiable information exists, preventing her from disputing any inaccurate information that may exist in her file.

13.    As a direct result of Defendant's refusal to provide her full consumer file, Plaintiff has suffered emotional distress, frustration, anxiety, and mental anguish due to her inability to review and verify the accuracy of her credit information.

14.    Defendant failed to provide Plaintiff with the complete consumer file disclosure required under 15 U.S.C. §1681g(a).

## Count I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §1681g

15.    Plaintiff re-alleges and reincorporates all previous paragraphs as fully set out herein.

16.    Equifax violated 15 U.S.C. § 1681g by refusing to provide Plaintiff her full file disclosure.

17.    As a result of Defendant's violation, Plaintiff suffered emotional distress, anxiety, and frustration in addition to other actual damages.

18.    All actions taken by Defendant Equifax were done with negligence.

19.    All actions taken by Defendant Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

3

FILED: RICHMOND COUNTY CLERK 03/24/2026 01:41 PM

NYSCEF DOC. NO. 2

INDEX NO. 150730/2026

RECEIVED NYSCEF: 03/24/2026

20.    All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

21.    Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

22.    Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FCRA:

B. Actual damages;

C. Statutory damages;

D. Punitive damages;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C § 1681n and 1681o

F. For such other and further relief as the Court may deem just and proper.

Dated: March 24, 2026                                    Respectfully submitted,

/s/    Randall Steketee
**Randall Steketee, Esq.**
**Attorney for Plaintiff**
254 W. 31st Street, 6th Floor
New York, NY 10001
Randall@steklawfirm.com
Phone: 917-819-2966

4